Per Curiam.

In order to recover under a theory of "strict products liability” or "breach of implied warranty of merchantability”, it was necessary for the plaintiff to prove that there was a defect in the instrumentality that caused the injury (Velez v Craine & Clark Lbr. Corp., 33 NY2d 117, 122; Jerry v Borden Co., 45 AD2d 344, 348-349; Jarkow v General Motors Corp., Oldsmobile Div., NYLJ, Oct. 30, 1973, p 2, col 1). Therefore, even if it is assumed, as plaintiff contends, that this proceeding went to the jury on the former, rather than the latter theory, a prima facie case was not established since the plaintiff did not prove that there was any defect in the oxygen equipment.
With regard to the cause of action for negligence, plaintiff may not rely upon the doctrine of res ipsa loquitur since the oxygen equipment was not within the exclusive possession or control of defendant, Keefe and Keefe, Inc., at the time of the accident (Curley v Ruppert, 272 App Div 441). Plaintiff was *302 therefore required to show that defendant Keefe and Keefe, Inc. had prior knowledge of the condition which caused the accident, and failed to act with reasonable care to correct it; or that it failed to use reasonable care to discover, and then to correct, a condition which should have been found (Koch v Otis Elevator Co., 10 AD2d 464, 467). The plaintiff did not prove that defendant Keefe was negligent in any way in performing its maintenance contract.
Hence, plaintiff did not establish a prima facie case on either cause of action.